**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 22-cv-2834-SMY |
| vs. | ) ) | |
| LORETTA L. ARNOLD, MICHAEL L. STANLEY, and VERNA GAYLE DRYSDALE STANLEY, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff State Farm Life Insurance Company ("State Farm") filed this interpleader action against Defendants Loretta L. Arnold, Michael L. Stanley, and Verna Gayle Drysdale Stanley due to competing claims for life insurance benefits payable by State Farm following the death of the insured, Buddy Stanley.  Defendants filed counterclaims against State Farm.

Now pending before the Court is State Farm's motion for final decree of interpleader and for summary judgment pursuant to Federal Rule of Civil Procedure 56 on Defendants' counterclaims (Doc. 39).  Defendants oppose the motion (Docs. 41, 43).  For the following reasons, the motion is **GRANTED in part and DENIED in part**.

### Factual Background

Construed in the light most favorable to the non-moving parties, the evidence and reasonable inferences establish the following facts relevant to the pending summary judgment motion: In June 1987, State Farm issued Buddy Stanley ("Buddy") life insurance policy No. LF-0894-8145 (the "Policy") (Doc. 39-1, ¶ 6, Doc. 39-2).  Velma Stanley, Buddy's wife at the time,

was an additional insured under the Policy.  *Id*.  Velma was designated as the primary beneficiary of the Policy at the time it was issued.  *Id*.  Buddy's children, Defendants Loretta L. Arnold and Michael L. Stanley, were named as successor beneficiaries to the Policy.  *Id*.

Velma died in March 2019, and the proceeds of her life insurance coverage under the Policy were used to fund an interest-bearing account, the Supplemental Contract LF-9105-9364 ("Supplemental Contract") (Doc. 39-3).  Buddy was the payee for any benefits payable under the Supplemental Contract.  *Id.*  In April 2019, Buddy designated his children as beneficiaries of any benefits payable under the Supplemental Contract pursuant to a beneficiary designation form he signed (Doc. 39-4).

Buddy died on January 24, 2022.  Under the terms of the Policy and the Supplemental Contract, State Farm became obligated to pay the beneficiaries $60,003.21 and $68,066.61 plus accrued interests, respectively.  Thirteen days before Buddy's death, State Farm received a change of beneficiary form purporting to change the beneficiary from Loretta and Michael to Defendant Verna Stanley, Buddy's second wife (Doc. 39-5).  State Farm also received a change of beneficiary form purporting to change the beneficiary of the Supplemental Contract to Verna, nine days before Buddy's death.  *Id.*

On March 16, 2022, Michael made claims to the Policy and Supplemental Contract (Doc. 39-6).  State Farm paid Michael $34,292.86 under the Supplemental Contract.  Verna made a claim to the Policy on April 30, 2022, but not to the Supplemental Contract (Doc. 39-7, Doc. 39-1, ¶ 20).  Loretta made claims on May 4, 2022 (Doc. 39-8).

After learning of the conflicting claims from State Farm, Michael and Loretta challenged the change of beneficiary forms that Buddy allegedly signed, asserting that Verna was not Buddy's wife, that his signature was forged, and that Buddy was not competent to make the change due to

his health condition (Doc. 39-1, ¶ 24).  Verna contended that the change in beneficiary was valid, arguing that she dated Buddy for a couple of years and married him over a month before his death. *Id.*  Verna further asserted that Buddy's lawyer assisted in the change of beneficiary and would attest to his competence at the time the change was made.  *Id*

State Farm began an investigation of the conflicting claims in March 2022 to determine Buddy's intent (Doc. 39-1, ¶¶ 25-27).  State Farm spoke to the conflicting claimants, State Farm representatives, and reviewed Buddy's medical records.  *Id.*  In September 2022, State Farm determined that its investigation was inconclusive to determine Buddy's competence to change his beneficiary and communicated the results to the defendants.  *Id.*  Michael and Loretta advised State Farm that they would not compromise their claims to the benefits.  *Id.*  After filing the instant interpleader action, State Farm deposited $98,532.18, including interest accrued, with the Treasury Registry of the Clerk's Office.

## Discussion

"Interpleader is an equitable procedure used when the stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008).  It forces all claimants to litigate their respective claims in a single action brought by the stakeholder. *See Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir. 1984).  In reviewing an interpleader action, the Court must first determine whether interpleader is warranted in light of the stakeholder's real and reasonable fear of conflicting claims that reach a minimal threshold level of sustainability. *See Aaron*, 550 F.3d at 663. If interpleader is warranted, the Court resolves the merits of the parties' competing claims.

Here, interpleader is justified because State Farm faces real and reasonable fear of conflicting claims between the defendants and has deposited the disputed stake with the Clerk of

Court. State Farm argues that it is entitled to judgment as a matter of law on Defendants' counterclaims by which Defendants allege that it improperly refused to pay the proceeds to them. Loretta and Michael also assert claims for vexatious and unreasonable refusal to pay insurance proceeds under 215 ILCS 5/155(1) (Doc. 8, at ¶¶ 22-24).

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to summary judgment if the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

State Farm is entitled to judgment as a matter of law with respect to Defendants' claims that the proceeds of the Policy and Supplemental Policy were wrongfully withheld or paid. In fact, Defendants' allegations are the reason that interpleader is appropriate in this case. They do not allege that State Farm has any additional liability beyond the money at issue in the Policy and Supplemental Contract. They merely assert that they were entitled to the proceeds. When an interpleader is properly asserted, counterclaims seeking payment of the interpleaded funds and asserting liability against the stakeholder for failing to choose one claimant over another are generally disallowed. *See Principal Life Ins. Co. v. Noble*, No. 18-CV-4576, 2019 WL 1651750, at *3 (N.D. Ill. Apr. 17, 2019).

Michael and Loretta also cannot state a claim under Section 155 of the Illinois Insurance Code which provides, "a court may award attorney fees and specified penalties in an action against an insurer when the court determines, in its discretion, that the insurer's delay in settling a claim was unreasonable and vexatious considering the totality of the circumstances." *Garcia v. Lovellette*, 639 N.E.2d 935, 937 (1994). Section 155 "is designed to protect insured parties who are forced to expend attorneys' fees where the insurer refuses to pay *under the terms of the policy*." *Id.* (emphasis in original). The section extends only to the party and the insured and does not extend to third parties. *Yassin v. Certified Grocers of Ill., Inc.*, 551 N.E.2d 1319, 1322 (1990).

Here, Defendants were not the insured under the State Farm Policy or Supplemental Contract – Buddy and Velma were. Michael and Loretta concede that the remedy afforded in Section 155 extends only to the party insured. That said, relying on *Holmes v. Fed. Ins. Co*., 820 N.E.2d 526, 530 (5th Dist. 2004), they argue they are the intended third-party beneficiaries of the Policy and Supplemental Contract. But Defendants' reliance on *Holmes* is misplaced.

*Holmes* involved an insurance policy containing a no-fault medical expenses provision that provided the insurer "will pay each person who sustains bodily injury caused by an accident all medical expenses incurred." *Id*. at 530-31. The payment of the medical expenses incurred by the injured individual was therefore a "benefit that ran separately and directly to the injured person rather than to the person insured against liability under the policy." *Id*. In other words, the language of the contract must establish that the contract was made for the direct, not merely incidental, benefit of the third party. In this case, there is no express provision in either policy identifying any defendant by name or defining them as insureds. As such, Defendants lack standing to pursue claims under Section 155, and State Farm is entitled to summary judgment with respect to this claim.

Finally, State Farm seeks to recover attorney's fees incurred in responding to Defendants' counterclaims.  The Court may award costs in an interpleader action if it determines the costs to be reasonable and if the stakeholder's efforts are not part of its normal course of business.  *Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008).  Litigation stemming from conflicts over policy proceeds is an inherent risk for insurance companies and is within the normal course of business. *See State Farm Life Ins. Co. v. Pavone*, No. 3:21-CV-50380, 2021 WL 5918881, at *3 (N.D. Ill. Dec. 15, 2021) (collecting cases).  That is true with respect to State Farm's actions in filing an interpleader and responding to the counterclaims in this case; it may not recover related attorney's fees.

### Conclusion

For the foregoing reasons, State Farm Life Insurance's Motion for Final Decree of Interpleader and for Summary Judgment on Counterclaims (Doc. 37) is **GRANTED in part and DENIED in part**.  State Farm is discharged from any further liability with respect to the Policy and Supplemental Contract and is **DISMISSED with prejudice** from this litigation.  Defendants' Counterclaims against State Farm are **DISMISSED with prejudice**.  State Farm's request for attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  August 14, 2024**

**STACI M. YANDLE**
**United States District Judge**